UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATIE J. BARNARD, individually and on behalf of N.B. and M.S., minor children,<br><br>Plaintiff,<br><br>v.<br><br>MINDY WATSON, in her individual and official capacities, et al.,<br><br>Defendants. | NO: 2:14-CV-0024-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 2). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff Katie Bernard ("Plaintiff") has sued six caseworkers employed by the Child Welfare Services division of the Washington State Department of Social and Health Services ("DSHS") for various causes of action arising from the

placement of her minor children, N.B. and M.S., in foster care. Defendants move to dismiss the complaint for failure to effectuate proper service and for failure to file a notice of tort claim form with the Office of Risk Management as required by RCW 4.92.100.

DISCUSSION

**A. Service of Process**

Defendants move to dismiss the complaint due to improper service of process.[1] In opposing the motion, Plaintiff indicates that she mailed a copy of the summons and complaint to each Defendant via certified mail, and that an unnamed DSHS employee signed for the letters. ECF No. 11 at 2. As Defendants correctly note, this does not constitute proper service. Pursuant to RCW 4.28.080(15), a plaintiff must accomplish service by delivering a copy of the summons "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." The phrase "to the defendant personally" means that the summons must

---

[1] Defendants did not waive this challenge by removing the case to this Court. *Wabash W. Ry. v. Brow*, 164 U.S. 271, 279 (1896) (holding that the removal of a case from state court to federal court constitutes a special appearance and does not waive the defendant's right to contest service of process).

ORDER GRANTING MOTION TO DISMISS ~ 2

be hand-delivered to the defendant. *Weiss v. Glemp*, 127 Wash.2d 726, 731 (1995). Service must be made "by the sheriff of the county wherein the service is made, or by his deputy, or by any person over 18 years of age who is competent to be a witness in the action, other than a party." Wash. Sup. Ct. Civ. R. 4(c); *accord* Fed. R. Civ. P. 4(c) (permitting service by "[a]ny person who is at least 18 years old and not a party" to the action).

Although RCW 4.28.080(16) provides for substitute service by mail, this method of service is only permissible "where the [defendant] cannot with reasonable diligence be served" personally. RCW 4.28.080(16); *see also Pascua v. Heil*, 126 Wash. App. 520, 526 (2005) ("Substitute service by mail . . . is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process."). Since Plaintiff has neither effectuated proper personal service nor satisfied the prerequisites for substitute service by mail, the case must be dismissed without prejudice.

To the extent that Plaintiff wishes to pursue claims against DSHS, she must serve a copy of the summons and complaint on the Attorney General "or by

ORDER GRANTING MOTION TO DISMISS ~ 3

leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW 4.92.020.

### B. Notice of Claim Statute

In view of the foregoing ruling, the Court need not address whether Plaintiff properly complied with RCW 4.92.100, the notice of claims statute.

**IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 2) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED** without prejudice.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel and Plaintiff at her address of record, enter **JUDGMENT** for Defendants, and **CLOSE** the file.

**DATED** June 9, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 4